UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAIGER M. BLACKWELL | ) | Case No.: 07-10406 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

ORDER APPROVING APPLICATION TO EMPLOY COUNSEL

THIS MATTER came on for hearing on May 10, 2007 upon the Application to Employ Attorney (the "Application"), filed by the above-referenced debtor (the "Debtor") on April 26, 2007; the Response and Limited Objection of SunTrust Bank to Debtor's Application to Employ Attorney (the "SunTrust Objection"), filed by SunTrust Bank on May 1, 2007; and Orrell's Food Service, Inc.'s Objection to Debtor's Application to Employ Attorney (the Orrell's Objection"), filed by Orrell's Food Service, Inc. on May 8, 2007. The Debtor appeared pro se, Robert E. Price, Jr. appeared as prospective counsel for the Debtor, Sarah D. Bruce appeared on behalf of the Bankruptcy Administrator, June L. Basden appeared on behalf of SunTrust, and Christopher A. Raines appeared on behalf of Orrell's.

On March 21, 2007, the Debtor filed his individual Chapter 11 case without the benefit of counsel. Thereafter, the Debtor failed to file virtually all of the documents required by Rule 1007 of the Federal Rules of Bankruptcy Procedure, including his Schedules and his Statement of Financial Affairs. The Debtor failed to attend the first scheduled meeting of creditors pursuant to Section 341 of the Bankruptcy Code and, because he was negotiating with Mr. Price about his potential representation of the Debtor, asked that his second scheduled meeting of creditors be continued. On April 26, 2007, the Debtor filed the Application, which requested authorization to retain Mr. Price and Robert E. Price, Jr. & Associates, PA (collectively the "Price Law Office") as Chapter 11 counsel, to pay the Price Law Office a post-petition retainer, and to further secure the payment of any attorneys' fees to the Price Law Office by granting deeds of trust on two parcels of the Debtor's real property.

Section 327(a) of the Bankruptcy Code provides, in part: "the trustee, with the court's

approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code provides, in part, "The trustee, . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including a retainer . . . ." 11 U.S.C. § 328(a). Thus, this Court has the authority to employ professionals "on any reasonable terms and conditions of employment, including a retainer." In re Truong, 259 B.R. 264, 267 (Bankr. D.N.J. 2001). In re Knudsen, 84 B.R. 668, 670 (9th Cir. B.A.P. 1988).

In Truong, the court considered an application by the debtor to allow debtor's counsel a post-petition retainer. The Truong court analyzed four factors that had been considered by the Bankruptcy Appellate Panel for the Ninth Circuit court in In re Knudsen, 84 B.R. 668, 670 (9th Cir. B.A.P. 1988). The Knudsen factors are as follows: (1) the case is an unusually large one in which an exceptionally large amount of fees accrue each month; (2) the Court is convinced that waiting an extended period for payment would place an undue hardship on counsel; (3) the Court is satisfied that counsel can respond to any subsequent court disallowance of the fees already paid; and (4) the fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder. Id. at 267. The Truong court found that "[t]he critical factor is that the fees must not be finally allowed (i.e., they must be subject to repayment) until a detailed application is filed, an opportunity for objection has been provided, and the court has reviewed the application." Id. (citing In re Knudsen, 84 B.R. at 670). In addition, the Truong court considered the factors set forth in In re Jefferson Bus. Ctr. Assocs., 135 B.R. 676 (Bankr. D. Colo. 1992), as follows: (1) the retainer's economic impact on the debtor's ongoing business operation; (2) the retainer's economic impact on the debtor's ability to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of the debtor's counsel; and (5) the ability of the debtor's counsel to disgorge such payments at the conclusion of the case should the court determine that the fees paid to counsel are not justified.

The Court has considered the evidence presented at the hearing and the representations of counsel, and finds that several factors weigh in favor of approving the Application. First, the

Price Law Office has a good reputation for Chapter 11 work.[1]  Second, to force the Price Law Office to wait an extended period of time for payment for their services in this case, which is anticipated to be large and complicated, would be a hardship on the Price Law Office.  Third, the Court is satisfied that the Price Law Office could respond to any subsequent disgorgement of fees should that become necessary.  Fourth, the Application has been noticed to creditors and parties in interest, and any fee applications will also be so noticed.  Fifth, the amount of the retainer is reasonable for the size and complexity of this case.  Sixth, the retainer will not have an adverse economic impact on the Debtor's ongoing business operations or the Debtor's ability to reorganize; in fact, it will likely enhance the debtor's prospects.

Therefore, it is hereby ordered that the Application to employ the Price Law Office is granted in part and denied in part, as follows:

1.    The Debtor is authorized to transfer $5,000.00 to the Price Law Office in addition to the $5,000.00 that the Debtor has already transferred to the Price Law Office.  The Debtor is also authorized to make periodic transfers of funds to the Price Law Office until the Debtor has paid a total retainer of $20,000.00 (the "Retainer").

2.    No fees may be paid from the Retainer until they are approved by the Court.

3.    Any fees that are approved by the Court and paid to the Price Law Office, whether paid from the Retainer or by the Debtor, are subject to disgorgement if it is later determined by the Court that the payment violates the priority scheme of the Bankruptcy Code.

4.    The SunTrust Objection and the Orrell's Objection are sustained to the extent that they object to the Debtor granting to the Price Law Office a deed of trust on the Debtor's real property.  Otherwise, said Objections are overruled.

5.    If the Debtor's case is converted to one under Chapter 7 of the Bankruptcy Code, then any unused portion of the Retainer must be promptly transferred to the Chapter 7 Trustee.[2]

---

[1]No party objected to the Price Law Office being employed by the Debtor, only to the Debtor's proposal to give the Price Law Office, post-petition, a retainer and deeds of trust on two tracts of the Debtor's real property.

[2]See Lamie v. United States Trustee, 540 U.S. 526, 538-39 (2004)(debtor attorney not eligible for compensation from Chapter 7 estate).

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAIGER M. BLACKWELL | ) | Case No.: 07-10406 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

<u>Parties in Interest</u>

Michael D. West, Esq.

Faiger M. Blackwell

Robert E. Price, Esq.

Kenneth M. Greene, Esq.

Christopher A. Raines, Esq.