**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAIGER M. BLACKWELL, | ) | CASE NO. 07-10406 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

### <u>ORDER</u> AND OPINION

This matter came before the Court on December 22, 2009, upon the Motion to Withdraw as Counsel (the "Motion to Withdraw"), filed by W. Joseph Burns, the attorney for the above-referenced debtor (the "Debtor"), on December 1, 2009. Attorney Burns seeks Court approval to withdraw as counsel for the Debtor in this case and be relieved of all further duties with respect to the Debtor. At the hearing, Neil D. Jonas appeared on behalf of Attorney Burns, and Robyn C. Whitman appeared on behalf of the Bankruptcy Administrator.

This case was originally filed as a Chapter 11 case. On February 1, 2008, William P. Miller was appointed as the Chapter 11 Trustee. On November 19, 2009, the case was converted to Chapter 7. At the hearing, the Bankruptcy Administrator objected to the Motion to Withdraw on the grounds that the Debtor will need representation at the upcoming Section 341 meeting for the Chapter 7 case.

An attorney seeking to withdraw from representation of a debtor must show that the debtor consents or that valid and compelling reasons exist for the court to grant the motion over the debtor's objection. <u>Stafford v. Mesnik</u>, 63 F.3d 1445 (7th Cir. 1995). In evaluating motions to withdraw as counsel, a court should consider such factors as: 1) the reason withdrawal is sought; 2) the prejudice the withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay

resolution of the case. United States ex. rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252 (D. N.J. 1997).

The Court finds that the Debtor has not consented to the withdrawal and that no valid and compelling reason exists to grant the Motion to Withdraw over the Debtor's objection. At this time, the Court cannot identify a legitimate reason why withdrawal should be allowed. Withdrawal would prejudice other litigants, as well as harm the administration of justice, because the Debtor would not have the benefit of counsel familiar with the case at his upcoming Section 341 meeting, and the Debtor is unlikely to be able to find substitute counsel.  This conclusion is supported by the North Carolina Rules of Professional Conduct.  The Court finds that withdrawal would have a material adverse affect on the Debtor's interests, the Debtor has not knowingly and freely assented to the termination of representation, and no other good cause for withdrawal exists.  Therefore, the Rules of Professional Conduct do not afford a basis for withdrawal. See N.C. Rules of Prof'l Conduct R. 1.16(b).

It is therefore ORDERED that the Motion to Withdraw is hereby DENIED without prejudice.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

IN RE:                                             )
                                                   )
FAIGER M. BLACKWELL,                               )        CASE NO. 07-10406
                                                   )
      Debtor.                                    )        Chapter 7
_____ )

## PARTIES IN INTEREST

Faiger M. Blackwell

W. Joseph Burns, Esq.

William P. Miller, Trustee

Michael D. West, Bankruptcy Administrator